UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD E. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV574SNLJ |
| ) | |
| HARDY C. MENEES, ET. AL., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

*Pro se* plaintiff has filed this 44-page "Petition for Suit" which is a lengthy narrative apparently alleging that defendant Hardy C. Menees, acting as the Prosecutor for the City of St. John, Missouri, has misuse his authority and damaged the plaintiff as a result of multiple municipal prosecutions (evidently dating back to October 2005) over plaintiff's failure to obtain an occupancy permit for real property plaintiff allegedly owns in St. John. This matter is before the Court on the defendants'[1] motion to dismiss (#6), filed May 4, 2009. As of today's date, plaintiff has failed to file a response.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d. 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams,

---

[1]It is unclear from the caption of plaintiff's "Petition for Suit" whether he is naming "Menees, Whitney, Burnnet & Trog" as a separate defendant or simply as the lawfirm of which defendant Menees is a member and partner. For purposes of this motion, defendant(s) have assumed that plaintiff has named Hardy C. Menees as an individual defendant and "Menees, Whitney, Burnnet & Trog" as a corporate defendant. The Court will adopt this presumption and address the issue of dismissal as to both defendants.

490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)(abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id., 127 U.S. at 1974. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." Id., 127 U.S. at 1974.

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d. 1038, 1040 (8th Cir. 2003). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts." Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d. 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in

support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969, n.8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations."). With this plausibility standard in mind, this Court turns to an examination of the plaintiff's complaint.

In his "Petition", plaintiff states that due to defendant Menees' prosecutorial actions, plaintiff has been denied the ability to run his real estate business, has had to relocate, temporarily, his wife of fifty (50) years to a "secondary weekend home", and has to incur "travel expenses" in order to see his wife. He calculates his "damages" based upon lack of growth of his real estate business over the past 3.5 years, the amount of time spent traveling back and forth to visit his wife, and the amount of time "lost" on running his business because of his personal travel time. He evidently multiply this figure by 42, representing the 42 Counts of "miss use" **[sic]** of authority by defendant Menees. These "42 Counts" are identical in nature with each representing a different month and year in which the actions by defendant Menees were taken. Each "Count" simply states that defendant Menees misused his authority by prosecuting the plaintiff for failure of obtaining an occupancy permit for 3323 Marshall when such a permit was allegedly not required under Municipal Ordinances §§520.050 (Occupancy Permit Required); 520.060 (Saving Clause).[2] Plaintiff then cites to these ordinances. Nowhere in any of the

---

[2]Apparently the gist of plaintiff's argument is that he owned this property before the occupancy permit ordinance was passed by the City of St. John; therefore, he is not subject to it.

"Counts" is there any jurisdictional statement or indication as to what federal grounds plaintiff is asserting for bringing his lawsuit in federal court.

Defendants argue that plaintiff's lawsuit should be dismissed because it fails to comport with the pleading requirements of Rules 8 and 10 Fed.R.Civ.P. ; thus, he has failed to state a viable cause of action upon which relief can be granted. Defendants further argue that defendant Menees is absolutely immune from liability for any and all actions taken within his prosecutorial capacity. Finally, defendants argue that corporate defendant Menees, Whitney, Burnet, and Trog should be dismissed because there is not a single allegation against this defendant contained in any one of the "42 Counts".

The Court has carefully reviewed the plaintiff's "Petition for Suit" and agrees that it fails to meet even the minimum pleading requirements of Rules 8 and 10 Fed.R.Civ.P. Most of all it fails to provide any indication as to what law, statute, or rule under which plaintiff brings this action in federal court. Plaintiff fails to plead any basis for federal jurisdiction despite his repeated assertions that defendant Menees has "miss use**[sic]** his authority". Federal courts are courts of limited jurisdiction, and thus, a federal court is under a continuing duty to assure itself that the threshold requirement of subject matter jurisdiction has been met. *See*, U.S. Constitution, Art. III, §1. A plaintiff is under an affirmative duty to allege the basis for federal subject matter jurisdiction in the complaint. Victor Foods v. Crossroads Economic Development of St. Charles County, Inc., et. al., 977 F.2d. 1224, 1227 (8th Cir. 1992). In order for a court to have subject matter jurisdiction, the pleading on its face must state a cognizable claim for relief, and claims under §1983 require invocation of federal question jurisdiction under either 28 U.S.C. §1331 or 28 U.S.C. §1343. Memmelthie v. City of Mason City, Iowa, 873 F.Supp. 1293, 1304 (N.D.Iowa 1995)(citations omitted). Although there is no common law heightened pleading requirement in

4

§1983 cases, a plaintiff still must articulate his/her claims pursuant to the applicable Federal Rules of Civil Procedure. Jane Doe v. Martha Cassel, et. al., 403 F.3d. 986, 988-89 (8th Cir. 2005).

More importantly, all of plaintiff's counts allege that plaintiff has been damaged in some regard by defendant Menees' actions as the Prosecutor for the City of St. John. Each of the "42 Counts" claims that defendant Menees, as the Prosecutor for the City of St. John, has damaged the plaintiff by "upholding and forcing the prosecution" of the plaintiff regarding plaintiff's continued failure to obtain an occupancy permit for 3323 Marshall.

As a municipal prosecutor, defendant Menees is absolutely immune from liability for the exercise of his prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976); *see also*, Van de Kamp v. Goldstein, 129 S.Ct. 855 (2009). As with judicial immunity, prosecutorial immunity applies even if the plaintiff alleges "malice, vindictiveness, or self-interest." Reasonover v. St. Louis County, 447 F.3d. 569, 580 (8th Cir. 2006). Even assuming that the instant action is a §1983 action, plaintiff's claims are barred by prosecutorial immunity. *See*, Anderson v. Larson, 327 F.3d. 762, 768 (8th Cir. 2003)("Prosecutors are protected by absolute immunity from civil liability under §1983 for prosecutorial functions . . . and other conduct that is intimately associated with the judicial process.").

Since plaintiff's claims are all associated with defendant Menees' pursuit of prosecution against plaintiff for alleged repeated violations of the City of St. John's occupancy permit ordinance, plaintiff's claims are barred by the doctrine of prosecutorial immunity.

As for corporate defendant "Hardy, Whitney, Burnnet[3] & Trog", the Court has carefully reviewed the plaintiff's "Petition for Suit" and fails to find a single allegation of misconduct

---

[3] In his caption, plaintiff spells "Burnnet" with a double "n"; however, the Court notes that the correct spelling is "Burnet" with one "n".

5

attributed to this defendant. Furthermore, a §1983 action can only be brought against a "state actor" and as a private corporate law firm, this defendant does not qualify as a "state actor". *See*, Carlson v. Roetzel & Andress, an Ohio legal professional association, et. al., 552 F.3d. 648, 650-51 (8th Cir. 2008); Clark v. Mickes, 2006 WL 1877084, *4 (E.D.Mo. July 6, 2006); *aff'd* 258 Fed.Appx. 916 (8th Cir. 2007). Thus, plaintiff has failed to state a claim, even assuming a §1983 claim, against this defendant for which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss (#6) be and is **GRANTED.** This cause of action is hereby **DISMISSED WITH PREJUDICE** in its entirety with no further action to be taken.

Dated this   28th   day of May, 2009.

UNITED STATES DISTRICT JUDGE